**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In Re:

GEOFFREY LAURENCE GEPHART
JANELLE MARIE GEPHART,

Debtors.

Case No. 1:15-bk-42604

Chapter 13

Honorable Donald R. Cassling

**NOTICE OF AMENDED MOTION/OBJECTION**

**To**: Old Republic Insurance Company c/o Denise Grant, 307 N. Michigan, 13th Floor, Chicago, IL 60601 (via Certified U.S. Mail)
Marilyn M. Marshall, Chapter 13 Trustee (via ECF)

**PLEASE TAKE NOTICE** that on April 1, 2021, at 9:30 AM, I will appear before the Honorable Donald R. Cassling, or any Judge sitting in his place, and present **DEBTORS' AMENDED OBJECTION TO CLAIM 23-2**, a copy of which is attached.

**This Motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 414 7941 and the password is 619. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion/objection** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without hearing.

1

## CERTIFICATE OF SERVICE

I, Mohammed O. Badwan, certify that I served a copy of this notice and the attached Amended Objection to Claim 23-2 on Old Republic Insurance Company via U.S. Certified Mail and via ECF to the Chapter 13 Trustee on February 23, 2021.

/s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Debtor*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 250
Lombard, IL 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In Re:

GEOFFREY LAURENCE GEPHART
JANELLE MARIE GEPHART,

                                    Debtors.

Case No. 1:15-bk-42604

Chapter 13

Honorable Donald R. Cassling

**DEBTORS' AMENDED OBJECTION TO CLAIM 23-2**

**NOW COME the Debtors**, Geoffrey Laurence Gephart and Janelle Marie Gephart ("Debtors"), by and through their undersigned counsel, and pursuant to Federal Bankruptcy Procedure Rule 3007, Objecting to Claim 23-2 filed by Old Republic Insurance Company ("Old Republic"), and in support thereof, stating as follows:

**FACTUAL BACKGROUND**

1.      On December 17, 2015, the Debtors filed the instant Chapter 13 case.

2.      Debtors' Schedule A disclosed ownership of a property located at 36 Woodridge Lane, Streamwood, Illinois ("subject property"). *See* Exhibit A attached hereto, a true and correct copy of Debtors' Schedule A.

3.      Debtors' Schedule A listed the value of the subject property at $204,448.00. *Id.*

4.      Debtors' Schedule D disclosed that the subject property was encumbered by two mortgage liens; a first mortgage lien in favor of Ocwen Loan Servicing ("Ocwen") in the amount of $221,750.00, and a second mortgage lien in favor of Ditech Financial LLC  ("Ditech") in the

3

amount of $50,559. *See* Exhibit B attached hereto, a true and correct copy of Debtors' Schedule D.

5.       On April 25, 2016, Ditech (servicer of the loan) filed a *secured* proof of claim in connection with the second mortgage on behalf of Bank of America, N.A. (owner of the loan) in the amount of $50,491.37 ("Claim 23-1"). *See* Exhibit C attached hereto, a true and correct copy of Claim 23-1.

6.       On June 14, 2016, the deadline to file claims passed.

7.       On June 28, 2016, Debtors filed a Modified Chapter 13 Plan. *See* Exhibit D attached hereto, a true and correct copy of Debtors' Modified Plan.

8.       Debtors' Modified Chapter 13 Plan stated, in pertinent part:

Debtors are surrendering the real property located at 36 Woodridge Lane, Streamwood, Illinois to Ocwen Loan Servicing and Ditech Financial, LLC, in full satisfaction of their secured claims. *Id.* at pg. 5.

9.       On July 1, 2016, Debtors' Modified Chapter 13 Plan was confirmed by this Honorable Court ("Confirmed Plan"). [Dkt. 63]

10.      The Confirmed Plan provided a 100% dividend to the general unsecured creditors. *See* Exhibit D.

11.      The Confirmed Plan required Debtors to make the following payments to the Chapter 13 Trustee:  $2,840 for the first four months, $2,065 for next two months, and $2,120 for the remaining fifty-four months. *See* Exhibit D.

12.      On October 7, 2016, Ditech transferred Claim 23-1 to Old Republic Insurance Company ("Old Republic"). *See* Claims Register, Claim 23-1.

13.      On May 2, 2017, nearly *one year after confirmation* of the Debtors' Chapter 13 plan, Old Republic filed an amended Claim 23-2 without leave of court.

14.    Old Republic's amended claim changed Claim 23-1 from a secured claim to an *unsecured* claim.

15.    Old Republic's amended claim went undetected by both the Debtors, Chapter 13 Trustee, and Debtor's counsel.

16.    Unbeknownst to Debtors, the Chapter 13 Trustee, and Debtors' counsel, Old Republic's amendment wreaked havoc on the Confirmed Plan as the Confirmed Plan requires a 100% dividend to the unsecured creditors.

17.    Accordingly, the Confirmed Plan was no longer feasible as it could not be completed within the 60-month period.

18.    Debtors have made all the payments prescribed by the Confirmed Plan and believed that they have successfully completed their Chapter 13 case.

19.    In February 2021, the Debtors ordered a payoff of their Chapter 13 case and were advised by the Chapter 13 Trustee that the payoff was an astronomical **$54,818.76.**

20.    Shocked by the $54,818.76 alleged balance, the Debtors contacted their counsel.

21.    Debtors' counsel conducted a thorough investigation and discovered that Old Republic's belated amendment shattered the Confirmed Plan.

22.    Specifically, the changing of the classification of Old Republic's claim from a secured claim to an unsecured claim rendered Debtors' Confirmed Plan unfeasible as the plan was now running longer than than 60 months.

23.    On February 19, 2021, the Trustee a filed Motion to Dismiss For Term of Plan ("Trustees' Motion to Dismiss"). [Dkt. 114]

24.    Specifically, the Trustee's Motion sought to dismiss the case on the basis that "the plan will complete in 75 months from the date of confirmation." *Id.*

**STANDARD**

25.    "The party objecting to a valid proof of claim carries the burden of rebutting the proof of claim." *In re Dugar,* 392 B.R. 745, 749 (Bankr. N.D. Ill 2008).

26.    "Once the objector has produced some basis for calling into question the allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable." *In re Vanhook*¸ 426 B.R. 296, 299 (Bankr. N.D. Ill. 2010).

27.    "Orders confirming bankruptcy reorganization plans are binding on both debtors and creditors, and the Seventh Circuit has long recognized the sanctity of confirmation orders. *In re Lasica,* 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) *citing In re UNR Indus., Inc.,* 20 F.3d 766, 769 (7th Cir. 1994).

**ARGUMENT**

**A. Old Republic's Post-Confirmation Amendment to Claim 23-1 Should Be Disallowed**

28.    "Leave to amend should be freely granted *early* in a case, but passing milestones in the litigation make amendment less appropriate. One milestone of particular significance in bankruptcy is the bar date. By then creditors must submit their proofs of claim. Once the claims are in, the parties may concentrate on determining their validity and providing for payment. How they will proceed depends on who claims how much." *Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir. 1993) (internal citations omitted) (emphasis added).

29.    In a bankruptcy context, the Seventh Circuit has held that "[c]onfirmation of the plan of reorganization is a second milestone, equivalent to final judgment in ordinary civil litigation. Once that milestone has been reached, further changes should be allowed *only for compelling reasons*." *Id.*

30.     As the Seventh Circuit has correctly observed, post-confirmation amendments "may throw monkey wrenches into the proceedings, making the plan infeasible or altering the distributions to remaining creditors." *Id.*

31.     Post-confirmation amendments are disruptive to the "orderly process of adjudication." *Id.*

32.     Old Republic's post-confirmation amendment should be disallowed because it was filed well after the claims bar date and nearly *one year* after confirmation.

33.     The belated amendment unduly prejudices the Debtors as Debtors were at the proverbial goal line only to discover that a belated amendment mooted their faithful compliance with the terms of the Confirmed Plan for the last 5 years.

34.     Allowing Old Republic's sly amendment to stand would be grossly inequitable and would fly in the face of fundamental fairness.

35.     Old Republic's predecessor had an ample opportunity to file an unsecured claim prior to confirmation and the claims bar date, but chose not. Instead, Old Republic's predecessor made the conscious decision to file a *secured* claim.

36.     By first filing a secured proof of claim and then waiting for the Debtors' plan to be confirmed before amending its proof of claim, Old Republic's predecessor made an irrevocable judicial admission that its claim is *secured. See In re Jackson,* 482 B.R. 659, 664 (Bankr. S.D. Fla 2012)  ("While a secured creditor need not file a proof of claim to preserve its rights in collateral, doing so constitutes an admission of the amount of its secured claim….")

37.     Accordingly, Old Republic is bound by the *secured* proof of claim filed by its predecessor. *See In re Jones*, 134 B.R. 274, 277 (N.D. Ill. 1991) ("The Order of Confirmation is

res judicata as to all justiciable issues decided or which could have been decided at the hearing

of confirmation").

38.     Simply put, the belated amendment should be disallowed because the Debtors

should not have to pay the price for Old Republic's predecessor's conscious decision to classify

its claim as a *secured* claim in the amount of $50,491.37.

39.     Old Republic has to live with the decisions made by its predecessor as allowing Old

Republic to throw a monkey wrench into the Confirmed Plan would result in a grave injustice,

especially in a case like this one where the Debtors are in month 60 of 60 of the Chapter 13 Plan.

40.     As the Seventh Circuit has held, amendments post-confirmation "should be allowed

*only for compelling reasons.*" *Holstein,* 987 F.2d at 1270.

41.     Here, there is no conceivable "compelling reason" for Old Republic to assert an

astronomical $54,818.76 *unsecured* claim nearly *one year* post-confirmation. *See In re Nelson*,

2012 Bankr. LEXIS 2915, at *10 (Bankr. N.D. Ill. 2012) ("Relation back to the original proof of

claim will not be allowed over objection if the proposed amendment is made after the claim bar

date has passed and states a new claim not previously asserted).

42.     In the event this Court allows the amended claim to stand, the Debtors would have

to "go home" without a discharge despite the fact they have made 60 of the 60 payments required

by the express terms of the Confirmed Plan.

43.     Such a result would result in an injustice of epic proportions and would fly in the

face of the Bankruptcy Code's goal in providing the honest but unfortunate debtor with a fresh

start.

44.     There could be no question that the Debtors have been honest and faithful

throughout their bankruptcy case. Accordingly, the Debtors should not have their discharge

literally stolen from their hands as a result of an amended claim that was asserted *one year* post-confirmation.

45.     Simply put, any prejudice to Old Republic arising from the Court disallowing the amendment would be heavily outweighed by the prejudice to the Debtors in the event the Court allows Old Republic's belated amendment to stand.

46.     Courts have consistently disallowed belated amendments due to the resulting prejudice to the debtors and other creditors. *See In re Meier,* 2014 Bankr. LEXIS 4845, at *8 (Bankr. N.D. Ill. 2014) ("Bankruptcy courts are not required to permit late amendments which are primarily used as a back-door route to secure bar-date extensions"); *In re Matthews*, 313 B.R. 489, 494 (Bankr. M.D. Fla. 2004) ("The attempt to change the status of a claim from secured to unsecured is not considered an amendment, in the traditional sense, that is to be freely allowed"); *In re Jackson*, 482 B.R. 659, 667 (Bankr. S.D. Fla. 2012) ("If a secured creditor wishes to preserve its unsecured deficiency claim for treatment in a chapter 13 case, it must formally file an unsecured claim in a timely manner"); *In re Friesenhahn*, 169 B.R. 615, 618 (Bankr. W.D. Tex 1994) ("The amended claim must be of the same basic genre as, or bear a sufficient relationship to, the claim or claims included in the original filing").

47.     Here, there is no question that Old Republic's belated amendment, which effectively asserts a new claim against Debtors' estate, would unduly prejudice the Debtors if allowed as it would effectively steal Debtors' hard earned discharge from their hands.

48.     Such a result would undermine the sanctity of the confirmation process and would render the confirmation of a Chapter 13 plan meaningless.

49.     For the foregoing reasons, the Court should grant Debtors' objection to Claim 23-2.

**WHEREFORE**, the Debtors pray this Honorable Court for the following relief:

A.  Sustaining Debtors' Objection to Claim 23-2;

B.  Disallowing the amendment of Claim 23-1 in its entirety; and

C.  For any and all other relief this Court deems just and proper.

Dated: February 23, 2021                                  Respectfully Submitted,

                                                         /s/ *Mohammed O. Badwan*

                                                         Mohammed O. Badwan, Esq.
                                                         *Counsel for Debtor*
                                                         Sulaiman Law Group, Ltd.
                                                         2500 S. Highland Ave., Suite 250
                                                         Lombard, IL 60148
                                                         Phone (630) 575-8180
                                                         mbadwan@sulaimanlaw.com